UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL PARIS,

    Plaintiff,

v.

MACALLISTER MACHINERY
COMPANY, INC. d/b/a MICHIGAN
CAT and INTERNATIONAL UNION
OF OPERATING ENGINEERS,
LOCAL 324,

    Defendants.
    _____/

CASE NO. 19-12053
HON. DENISE PAGE HOOD

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION [#34]**

**I.    INTRODUCTION**

On December 7, 2021, the Court issued an Order Granting Defendant International Union of Operating Engineers, Local 324's ("Union") Motion to Dismiss. ECF No. 33.  On January 4, 2022, Plaintiff filed a Motion for Reconsideration of the Court's December 7, 2021 Order. ECF No. 34.  The Motion for Reconsideration has been fully briefed.  For the reasons set forth below, the Motion for Reconsideration is denied.

1

## II.    BACKGROUND

Plaintiff was employed by Defendant Macallister Machinery Company, Inc. d/b/a Michigan CAT ("CAT").  In late 2018, Plaintiff was demoted, and then on January 11, 2019, he was terminated by CAT.  Plaintiff then filed the instant cause of action in this Court on July 10, 2019, bringing claims against CAT and the Union.  The case originally was assigned to Judge Nancy Edmunds.  The Union filed a motion to dismiss on December 3, 2019 but, before it was heard, the case was randomly reassigned to Judge Stephanie Dawkins Davis on January 31, 2020.

On September 22, 2020, Judge Davis issued an order regarding the December 3, 2019 motion to dismiss. ECF No. 24.  In that order, Judge Davis noted that Plaintiff "suggested . . . [being] allow[ed to amend his complaint] both in his briefing and during the hearing on this matter." *Id.* at PageID.140.  Judge Davis then "concluded that [Plaintiff] should be afforded the opportunity to cure any potential deficiencies by amending the complaint." ECF No. 24, PageID.140. Judge Davis advised that she would decide the motion to dismiss if Defendant did not file an amended complaint and stated, "in light of the Court's allowance at this juncture, **absent exceptional circumstances**, the Court is unlikely to allow any subsequent amendments." *Id.* at PageID.141 (emphasis added).

On October 6, 2020, Plaintiff filed an Amended Complaint. ECF No. 25. The Union promptly filed a second motion to dismiss, which Judge Davis decided

without oral argument. As noted above, on December 7, 2021, Judge Davis granted the second motion to dismiss and, based on the rulings made in that order, dismissed Plaintiff's cause of action, with prejudice. Twenty-eight (28) days later, Plaintiff filed the Motion for Reconsideration presently before the Court. On June 21, 2022, the case was randomly reassigned to the undersigned due to Judge Davis's appointment to the Sixth Circuit Court of Appeals.

### III. LEGAL STANDARDS

Plaintiff titled his filing as a "Motion for Reconsideration," yet indicated in the same document that "[t]he Federal Rules of Civil Procedure do not expressly provide for a 'motion for reconsideration.'" ECF No. 34, PageID.305. Plaintiff then justifies his filing by stating that the Sixth Circuit has recognized that "a timely motion so styled arguably may be 'pursued either under Rule 59(e)—motion to alter or amend—or under Rule 60(b)—relief from judgment or order.'" *Id.* (quoting *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983), and citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)). When he filed a motion to strike the Union's response to his Motion for Reconsideration, however, Plaintiff cited to, and relied on, "LR 7.1(h)." ECF No. 37, PageID.339. "LR 7.1(h)" presumably means Local Rule 7.1(h) for the Eastern District of Michigan, which is titled "Motions for Rehearing or Reconsideration." For these reasons, it is not clear exactly what

3

rule(s) Plaintiff is basing his Motion for Reconsideration, so the Court sets forth the standard for all three rules below.

### A. Local Rule 7.1(h)

"Subject to LR 59.1, a motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).[1]

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v.*

---

[1] Local Rule 7.1(h) also contains a subsection (2). Local Rule 7.1(h)(2) provides that "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." In this case, after considering Plaintiff's motion to strike the Union's response to his Motion for Reconsideration, Judge Davis declined to strike the Union's response and permitted Plaintiff to file a reply brief, which he did. *See* ECF Minute Entry dated February 3, 2022.

*Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

### B. Rule 59(e) and Rule 60(b)

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).

Pursuant to Rule 60(b), a court may grant relief from judgment or order in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) the satisfaction, release, or discharge of judgment; an earlier judgment being reversed or vacated; or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Judgment also may be altered or

5

amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Courts, however, have consistently held that "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted). In the Sixth Circuit, Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances not addressed by the first five numbered clauses of the rule." *Id.* The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## I.  ANALYSIS

In his Motion for Reconsideration, Plaintiff "requests that this Honorable Court provide him with an opportunity to proceed on the merits of his claim and/or amend his Complaint to respond to the issues presented to the Court." ECF No. 34, PageID.305. His primary argument is that he should have been allowed to amend his complaint, in part because the Court made some rulings on issues that Defendant did not raise. *See id*. at PageID.308-10. His secondary argument is that the Court made factual determinations on issues that Plaintiff could not have known prior to discovery. *Id.* at PageID.310. The Court concludes that Plaintiff's

Motion for Reconsideration should be denied for several reasons, both procedural and substantive.

First, in the Eastern District of Michigan, Local Rule 7.1(h) – which Plaintiff has cited in an argument related to his Motion for Reconsideration – requires a party to file a motion for reconsideration within 14 days of the order or judgment it seeks to have reconsidered. E.D. Mich. L.R. 7.1(h)(1). Plaintiff did not file his Motion for Reconsideration until 28 days after the December 7, 2021 order it challenges was filed. On that basis, Plaintiff's Motion for Reconsideration is untimely.

Second, when Judge Davis allowed Plaintiff to file an Amended Complaint, she cautioned Plaintiff that "**absent exceptional circumstances**, the Court is unlikely to allow any subsequent amendments." ECF No. 24, PageID.141 (emphasis added). As discussed below, Plaintiff has not demonstrated "exceptional circumstances" upon which the Court should rely to permit another amendment and therefore has not met the threshold set by the Court in its previous order.

Third, although Plaintiff cites Rule 59(e), he does not appear to make any argument that: (1) the Court's December 7, 2021 Order was based on a clear error of law; (2) there is newly discovered evidence that was not previously available to

7

the parties; or (3) there has been an intervening change in controlling law. The Court finds that none of those three criteria can be satisfied.

Fourth, with respect to Rule 60(b), Plaintiff makes no argument relative to parts (1)-(5). He argues that the Court has made factual determinations, as follows:

> Throughout its opinion, the Court stated that Plaintiff's **proofs** were not sufficient on various points, some of which he could not possibly know prior to engaging in discovery, including that: (1) he did not plead bad faith or failure to investigate his termination; (2) it was not plausible that the Union acted in bad faith in failing to grieve Paris' termination, based on his allegations that the Union refused to investigate; (3) his "argument with respect to the Union's discrimination in the LMRA context [was] underdeveloped"; (4) he offered no "facts or case law to dispute that the LCA, if valid, superseded the CBA and provided just cause for his termination"; and (5) that Plaintiff did not "plausibly" allege certain facts.

ECF No. 34, PageID.310 (emphasis added). In the December 7, 2021 order, however, the Court used the word "proof" one time when recognizing the *Twombly* standard, which, frankly, was to Plaintiff's benefit. *See* ECF No. 33, PageID.278 (The Court stated, "[a] well-pleaded complaint may survive a motion to dismiss even if the court believes that actual proof of the pleaded facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556."). What the Court did say was that "[a] claim will be dismissed 'if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense.' *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)." *Id.* (emphasis added). The Court then proceeded to

8

analyze Plaintiff's claims under that standard – whether the facts, <u>as alleged</u>, were sufficient to state a claim upon which relief should be granted. The Court concluded that Plaintiff did not adequately plead the claims in his Amended Complaint.

In his Motion for Reconsideration, Plaintiff has failed to explain how or why he sufficiently pleaded his claims in his Amended Complaint. Plaintiff merely: (a) states that the Court must take as true his pleadings (which the Court did); and (b) suggests that "it is not clear why what he pled was not plausible, based upon the detailed factual scenario the Court laid out. Plaintiff's claim is merely that Defendant Union did not grieve his decrease in pay and his termination, and he should be permitted to proceed on the merits of those claims." ECF No. 34, PageID.310. This does not advise the Court how Plaintiff's allegations sufficiently pleaded plausible claims.

Finally, the Court notes that Plaintiff has not proffered a Second Amended Complaint or explained how he would amend his Amended Complaint to sufficiently plead his claims.

The Court finds that Plaintiff has: (1) offered only conclusory statements that he sufficiently alleged his claims; (2) failed to show a palpable defect by which the Court and the parties were misled; and (3) not demonstrated any exceptional or extraordinary circumstances why the Court should reverse its

9

decision regarding the deficiency of his claims or allow Plaintiff to amend his Complaint for a second time. For all of the reasons stated above, Plaintiff's Motion for Reconsideration is denied.

## II.   CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [ECF No. 34] is DENIED.

IT IS ORDERED.

                                         s/Denise Page Hood  
Date:  August 15, 2022           DENISE PAGE HOOD  
                                         UNITED STATES DISTRICT JUDGE